hMcKAY, Judge.
Defendant, Lafayette Insurance Company, appeals the granting of a motion for summary judgment which found that a commercial insurance policy issued by it provided coverage for the claim on the alleged personal injury which gave rise to this case. In their answers to this appeal, both the other defendant Robert A. Shimek and the plaintiff Ambrose Peterson urge that the Trial Court did not err in the granting of the motion for summary judgment. We affirm.
Robert A. Shimek is an ophthalmologist with offices in New Orleans and Metairie. Dr. Shimek is also the owner of a piece of rental property located at 2533 River Road in Metairie. Ambrose Peterson was the lessee of this property. Mr. Peterson was allegedly injured on September 9, 1994 when he grabbed on to a handrail which broke and caused him to fall. Mr. Peterson subsequently filed a petition for damages due to his alleged injury. Lafayette Insurance Company is the insurer of Dr. Shimek. On the date of the accident which gave rise to this case, Lafayette had in effect two polices of insurance in favor of Dr. Shimek which would possibly cover his liability in this case. One of these provided coverage of $1,000,-000.00; the other provided coverage of only $100,000.00. On September 20, 1996, the Trial Court heard cross motions for summary judgment filed on behalf of Lafayette Insurance Company and Ambrose Peterson concerning whether or not the above mentioned insurance policies provided coverage for Mr. Peterson’s alleged injury. The Trial Court granted Peterson’s motion, denied Lafayette’s, and found that both |2poIicies provided coverage for the alleged personal injury.
The issues on appeal in this case are whether the Trial Court erred in granting Peterson’s motion for summary judgment finding that coverage existed under Lafayette’s commercial policy and whether the judge erred in refusing to reform the policy in question to conform with the intent' of the parties. The answer to both of these questions is no.
To answer these questions we must first ask whether a policy of insurance should be treated as other contracts. The Louisiana Supreme Court in Schroeder v. Board of Supervisors of L.S.U., 591 So.2d 342 (La. 1991), stated: “It is well settled in our law that general rules of interpretation apply to insurance policies in the same way that they apply to other contracts.” Massachussetts Mutual Life Insurance v. Nails, 549 So.2d 826 (La.1989); Savoie v. Fireman’s Fund Insurance Company, 347 So.2d 188 (La.1977). Therefore, our examination of the policy must be governed by the rules that apply to contracts generally. Louisiana Civil Code Article 2046 provides that “when the words of a Contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Further, Civil Code art. 2047 provides ■ that when determining the meaning of the words of a contract, they “must be given their generally prevailing meaning.”
In this case, the policy of insurance issued by Lafayette to Dr. Shimek governs the relationship between the parties and its wording must be studied to determine what obligations are owed by the parties. Lafayette correctly argues that the only properties listed on the declarations page of the policy are Dr. Shimek’s medical office buildings. However we must look at the entire policy and not just the declarations page in order to determine the actual agreement 1 ^between the parties.
First of all it should be noted that the policy was in effect on the date of the alleged injury. The policy provided that it would pay all sums that the insured became legally obligated to pay as damages because of bodily injury to which this insurance applies. It goes on to say that damages because of bodily injury include “damages claimed by any person at any time resulting from the bodily injury.” The coverage territory is defined as “anywhere in the United States of America.”
Section II of this policy provides that an individual is an insured, “but only with respect to the conduct of a business of which you are the sole owner.” Lafayette argues that this applies only to Dr. Shimek’s medical practice. However, the policy is not that *505 restrictive; it states that an individual policy holder is insured with respect to the conduct of “a business” of which he is the sole owner,
Lafayette also questions whether Dr. Shimek’s rental property is a business. According to La. R.S. 12:1301 A. (2), the definition of business is “any trade, occupation, profession, or other commercial activity, including but not limited to professions licensed by a state or other governmental agency whether or not engaged in for profit.” From this definition Dr. Shimek’s rental property qualifies as a business. Normally when determining the meaning of the words of a contract, they are to be given their generally prevailing meaning. La. C.C. art. 2047. Even if it is ambiguous whether or not Dr. Shimek’s rental property constitutes a business, any ambiguity in the policy must be resolved against its writer and in favor of coverage. Smith v. Matthews, 611 So.2d 1377 (La.1993). It should also be noted that in case of doubt in a standard form contract that provision must be interpreted against the party who furnished |4its text. La. C.C. art. 2056. Thus, we must find that Dr. Shi-mek’s rental property is a business.
When the entire contract is read it is clear coverage existed on the date of the alleged accident. Damages due to bodily injury are covered under this policy. The coverage territory is the United States of America and an insured is covered for the conduct of a business of which he is the sole owner. Therefore, Dr. Shimek is covered under the commercial policy because Mr. Peterson’s claim was for bodily injuries he allegedly sustained on a date the policy was in effect, at a business of which Dr. Shimek was the sole owner, and which was located in the United States of America.
Although Lafayette contends that it was the intent of the parties for the coverage to extend only to Dr. Shimek’s medical practice, the language of the policy is much broader. It covers not only Dr. Shimek’s medical practice but also any business of which he or he and his spouse were the sole owner/owner. Since the language of the policy is clear, we will look no further than the policy itself.
For the foregoing reasons, the granting of the motion for summary judgment by the district court is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.